UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GINA FERRETTI,

    Plaintiff,
vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____)

## **COMPLAINT**

The Plaintiff, Gina Ferretti ("FERRETTI"), by and through the undersigned counsel, hereby sues Hartford Life and Accident Insurance Company ("HARTFORD") and alleges:

## **PRELIMINARY ALLEGATIONS**

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and

1

attorney's fees and costs.

2. FERRETTI was at all times relevant a plan participant under the Reliance Steel & Aluminum Co. Long Term Disability Policy, Group No.: GLT696990 ("LTD" Plan). A copy of the LTD Plan is contained within the administrative record.

3. Defendant, HARTFORD, is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Southern District of Florida. HARTFORD is the insurer of benefits under Reliance Steel & Aluminum Co LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, HARTFORD administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The HARTFORD LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Reliance Steel & Aluminum Co, under which FERRETTI was a participant, and pursuant to which FERRETTI is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, FERRETTI is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as FERRETTI remains disabled as required under the terms and conditions of the LTD plan.

5. Venue is appropriate as HARTFORD is authorized and is conducting business in this Court's jurisdiction.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. FERRETTI incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, FERRETTI was an employee or former employee of Reliance Steel & Aluminum Co and a plan participant under the terms and conditions of the LTD Plan.

8. Prior to disability FERRETTI worked as an Inside Sales Representative for Reliance Steel & Aluminum Co.

9. During the course of FERRETTI's employment, FERRETTI became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while FERRETTI was covered under the LTD Plan, FERRETTI suffered a disability rendering her disabled as defined under the terms of the LTD Plan, the nature of which, due to privacy concerns, is discussed in detail within the administrative record.

10. Pursuant to the terms of the LTD Plan, FERRETTI made a claim to HARTFORD for LTD Plan with a date of disability of April 26, 2019.

11. Following the elimination period LTD benefits would have been payable as of October 23, 2019.

12. Disability is defined to mean you are prevented from performing one or more of the Essential Duties of (1) Your Occupation during the Elimination Period; (2) Your Occupation, for the 24 month(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-Disability Earnings; and (3) after that Any Occupation.

13. Essential Duty means a duty that: (1) is substantial, not incidental; (2) is fundamental or inherent to the occupation; and (3) cannot be reasonably omitted or changed. Your ability to work the number of hours in Your regularly scheduled work week is an Essential Duty.

14. Your Occupation means Your Occupation as it is recognized in the general workplace. Your Occupation does not mean the specific job You are performing for a specific employer or at a specific location.

15. On April 24, 2020, HARTFORD notified FERRETTI that it was denying her claim for LTD benefits as HARTFORD had determined that there was insufficient medical evidence to support restrictions and limitations that would prevent her from being unable to perform one or more of the essential duties of her occupation.

16. On September 15, 2020, FERRETTI filed her administrative appeal of HARTFORD's denial.

17. On appeal, HARTFORD had FERRETTI's filed reviewed by two independent peer review physicians, who opined that there was no evidence of medically necessary restrictions and limitations.

18. On November 5, 2020, HARTFORD notified FERRETTI that it was upholding the denial of her claim for LTD Benefits.

19. FERRETTI has exhausted all administrative remedies.

20. HARTFORD breached the LTD Plan and violated ERISA in the following respects:

    a. Failing to pay LTD benefits to FERRETTI at a time when HARTFORD and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as FERRETTI was disabled and unable to work and therefore entitled to benefits.

    b. After FERRETTI's claim was denied in whole or in part, HARTFORD failed to adequately describe to FERRETTI any additional material

or information necessary for FERRETTI to perfect her claim along with an explanation of why such material is or was necessary.

  c. HARTFORD failed to properly and adequately investigate the merits of FERRETTI's disability claim and failed to provide a full and fair review of FERRETTI's claim.

21. FERRETTI believes and alleges that HARTFORD wrongfully denied her claim for LTD Benefits under the LTD Plan by other acts or omissions of which FERRETTI is presently unaware, but which may be discovered in this future litigation and which FERRETTI will immediately make HARTFORD aware of once said acts or omissions are discovered by FERRETTI.

22. As a proximate result of the aforementioned wrongful conduct of HARTFORD under the LTD Plan, FERRETTI has damages for loss of disability benefits in a total sum to be shown at the time of trial.

23. As a further direct and proximate result of this improper determination regarding FERRETTI's claims for benefits, FERRETTI, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), FERRETTI is entitled to have such fees and costs paid by HARTFORD.

24. The wrongful conduct of HARTFORD has created uncertainty where none should exist; therefore, FERRETTI is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Gina Ferretti prays for relief against the Hartford Life and Accident Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: December 21, 2020

> ATTORNEYS DELL AND SCHAEFER, CHARTERED
> Attorneys for Plaintiff
> 2404 Hollywood Boulevard
> Hollywood, FL 33020
> (954) 620-8300
>
> __/s/ *Stephen F. Jessup*_____
> STEPHEN F. JESSUP, ESQUIRE
> Florida Bar No.: 0026264
> Email: stephen@diattorney.com